SMITH, APPELLEE, *v.* BRUSH-MOORE NEWSPAPERS, INC.,
APPELLANT.

(No. 70-295—Decided July 7, 1971.)

112

*Messrs. Baggott, Logan & Gianuglou* and *Mr. Horace W. Baggott, Jr.*, for appellee.

*Messrs. Estabrook, Finn & McKee, Mr. Robert P. Bartlett* and *Mr. Francis X. Lee,* for appellant.

O'Neill, C. J. The issue presented in this cause is whether plaintiff is entitled to amend his petition by sub-

stituting WONE, Inc., as party defendant in place of Brush-Moore Newspapers, Inc., d. b. a. WONE Radio Station.

We note at the outset that plaintiff in fact instituted his action against the wrong corporate party, as Brush-Moore neither owned nor operated the radio station. In addition, we note that if plaintiff cannot amend the petition as he requests, then his failure to name WONE, Inc., as defendant will result in loss of his cause of action due to the running of the statute of limitations (R. C. 2305.10).

In respect to amendments such as that sought by plaintiff, R. C. 2309.58 states:

"Before or after judgment, in furtherance of justice * * * the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party * * *."

Defendant argues that "the naming of the parent corporation, Brush-Moore Newspapers, Inc., was not a simple misnomer, but a case of mistaken identity" and that R. C. 2309.58 does not authorize an amendment of a petition to name an entirely different entity after the statute of limitations has run.

As the Court of Appeals noted in its opinion: "It is to be observed that 'WONE Radio Station' * * * is an approximation of the name of the real party, WONE, Inc. * * *." Moreover, plaintiff's confusion as to the corporate identities of Brush-Moore and WONE, Inc., is readily understandable. The two corporations had the same counsel and the same insurer, both of whom corresponded with plaintiff concerning his claim.

Of course, the mere fact that plaintiff's mistake is understandable, without more, would not excuse the mistake. But there is more. Brush-Moore filed a motion and an answer to the petition, but did not raise the question of improper parties until the statute of limitations had run.

In *Maloney* v. *Callahan* (1933), 127 Ohio St. 387, it was held, in paragraphs four and five of the syllabus, that:

"4. Where summons is duly served on the real party

in interest, who is the one actually intended to be sued, even under a wrong or inaccurate appellation, he must take timely advantage of the error by appropriate plea. If he fails to do so, he will be deemed to have waived the defect and will be concluded by the judgment rendered against him.

"5. Under the liberal provisions of Section 11363, General Code [R. C. 2309.58], a court in the exercise of its judicial discretion has the power to permit the amendment of a petition by changing a name therein from that of a corporation originally designated as defendant to that of an individual doing business in such corporate name, to correspond with the facts. Thus, allowing an amendment changing 'The W. A. Maloney Company, an Ohio corporation,' etc., to 'W. A. Maloney, doing business as The W. A. Maloney Company,' is permissible."

*Boehmke* v. *Northern Ohio Traction Co.* (1913), 88 Ohio St. 156, is also of interest in this regard. It was there held in the syllabus:

"1. Where one knows himself to be the wrongdoer sought to be made liable in an action of damages for the wrong, and voluntarily appears by his attorney and answers in the name of and ostensibly as another person who was by the plaintiff named as defendant, and served with process in the mistaken belief that the latter person did the wrong, the former person thereby submits himself to the jurisdiction of the court and may be substituted as the real defendant in place of the nominal defendant sued by mistake; and the substituted defendant will be bound by the verdict and judgment rendered against him in the case.

"2. The statute of limitations will cease to run from the time the real defendant appears and answers in name of the nominal defendant."

Although the facts here are different from those appearing in both *Maloney* and *Boehmke*, we are of the opinion that the principles therein expressed are relevant to the instant case.

The following language from *Boehmke,* at pages 163 and 164, is particularly appropriate:

"The court was right in amending the proceeding by substituting the name of the real defendant for whom its own attorneys appeared and made the defense for it in fact, though *ostensibly* for the company which was sued by mistake and whose legal personality, franchises, assets and obligations it had absorbed.

"Having voluntarily come into court, though in the guise of The A. B. C. Co., and filed an answer in its own defense, though ostensibly for the nominal defendant sued by mistake, The N. O. T. Co. stopped the statute of limitations from running in its favor during the long period it graciously permitted the case to be continued in the false hope that the bar of the statute would ripen.

"The clever argument made by counsel for defendant in error is that The N. O. T. Co. was free to let the plaintiff deceive himself to the end of time; it was not the defendant's duty to 'undeceive' him. True; and counsel frankly state that the defendant was aware of plaintiff's mistake but contributed in no way to that mistake. True, also. But that mistake became a mere *irregularity* in the judicial formulary of the suit when the real party came to the defense wearing the mask of the formal party. A court of law is a dangerous place for masquerade, for the law looks beneath the apparent and beholds the real.

"Counsel naively assert that The N. O. T. Co. had a perfect right to employ counsel to defend for The A. B. C. Co. Yes; but at the risk of being substituted as soon as the plaintiff discovered he had sued the wrong company and that the right one was in court defending. Counsels' mistake was in thinking their client could enjoy the privilege of defending a lawsuit and dodge the responsibility that goes with it."

When Brush-Moore filed its motion and answer in response to the petition, it ostensibly appeared for the alleged wrongdoer against whom plaintiff believed it was proceeding, which, in fact, was WONE, Inc. We are of the

opinion that Brush-Moore, at that time, had a duty to "take timely advantage of the error by appropriate plea," and that, since it did not, plaintiff should be permitted to amend the petition as requested.

We, therefore, hold that where a plaintiff files an action against a corporate defendant in the belief that it is the owner of premises on which plaintiff suffered injuries, when in fact the premises belong to another corporation which is a wholly owned subsidiary of the named defendant, and the parent corporation files a motion and answer in response to the petition but does not plead the defense of improper party until after the running of the statute of limitations, such plaintiff is then entitled to amend his petition to substitute the subsidiary corporation as defendant.

In conclusion, we point out that such substitution is not prejudicial to the rights of WONE, Inc. That corporation had knowledge of the action directed against it from its inception, as service was made on the statutory agent of Brush-Moore, who was also a director and assistant treasurer of WONE, Inc.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.