[Cite as *James Navratil Dev. Co. v. Medina Cty. Bd. of Revision,* 139 Ohio St.3d 183, 2014-Ohio-1931.]

JAMES NAVRATIL DEVELOPMENT COMPANY, APPELLANT, *v.* MEDINA COUNTY

BOARD OF REVISION ET AL., APPELLEES.

[Cite as *James Navratil Dev. Co. v. Medina Cty. Bd. of Revision,*

139 Ohio St.3d 183, 2014-Ohio-1931.]

*Taxation—Real-property valuation—Identification of legal owner of property in the complaint—Board of Tax Appeals' decision reversed on the authority of* Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision—*Cause remanded for further proceedings.*

(No. 2013-0293—Submitted February 25, 2014—Decided May 13, 2014.)

APPEAL from the Board of Tax Appeals, No. 2010-A-3331.

—————————————

**Per Curiam.**

{¶ 1} James Navratil Development Company ("JNDC") appeals from a decision of the Board of Tax Appeals ("BTA"). In that decision, the BTA remanded this cause and ordered that the Medina County Board of Revision ("BOR") dismiss JNDC's complaint on the grounds that JNDC did not properly identify itself as the owner of the property on the face of the complaint. In the space provided on the complaint form to identify the "Owner Of Property," the owner is stated to be "James Navratil Company," not "James Navratil Development Company." The latter is the actual name of the owner of the property.

{¶ 2} Despite the incorrect name set forth on the complaint, the BOR through its secretary, the county auditor, *see* R.C. 5715.09, identified JNDC as the complainant when it issued its hearing notices and decision. The BOR thereby effectively substituted the proper entity for the wrong or misnamed entity on the complaint form. When JNDC appealed the BOR's decision to the BTA, the

auditor and the BOR changed their position: They moved for dismissal of the complaint because the complaint had the wrong entity name on it.

{¶ 3} As noted, the BTA granted the motion and remanded to the BOR with instructions that the complaint be dismissed for lack of jurisdiction. The BTA expressed its view that a valuation complaint "must include all information that goes to the core of procedural efficiency" and concluded that correct identification of the owner on the valuation complaint is a jurisdictional prerequisite to the board of revision's jurisdiction. BTA No. 2010-A-3331, 2013 WL 314198, *1-2 (Jan. 15, 2013).

{¶ 4} JNDC appealed to this court. While the parties were filing briefs in this appeal, we issued our decision in *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132. In that case, we held that because there is no explicit statutory requirement for proper identification of the owner on the complaint, "it is not a jurisdictional requirement to correctly name the owner of the subject property in a valuation complaint." *Id*. at ¶ 23-24. In light of *Groveport Madison*, we issued a show-cause order in this case on December 16, 2013, requiring appellees to show cause why the BTA's decision should not be reversed and the cause remanded on the authority of *Groveport Madison*. No response to the order was filed.

{¶ 5} In sum, the defect in the complaint was not jurisdictional, and the BTA erred in holding that it was. Moreover, the substitution of a proper party is typically permitted when there has been a misnomer in the pleadings and the substitution has caused no prejudice. *See Smith v. Brush-Moore Newspapers, Inc.*, 27 Ohio St.2d 111, 271 N.E.2d 846 (1971), paragraph one of the syllabus (plaintiff was "entitled to amend his petition to substitute" the proper defendant in spite of the statute of limitations where the proper defendant was a wholly owned subsidiary of the named defendant with actual notice of the action and the named defendant failed to timely plead its lack of responsibility); Civ.R. 25(D)(1) (if a

public officer who is a party dies or is separated from the public office, substitution of the successor is automatic, and further proceedings "shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded"). The county auditor and the BOR have shown no prejudice to themselves or any other person or entity.

{¶ 6} Therefore, on the authority of *Groveport Madison,* we reverse the BTA's decision and remand this cause to the BTA for further proceedings.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Dean Holman, Medina County Prosecuting Attorney, and Nathan E. Carnes, Assistant Prosecuting Attorney, for appellees Medina County Auditor and Medina County Board of Revision.

_____