[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adams v. Winkler*, Slip Opinion No. 2022-Ohio-271.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-271

THE STATE EX REL. ADAMS, APPELLANT, *v.* WINKLER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adams v. Winkler*, Slip Opinion No. 2022-Ohio-271.]

*Mandamus—Inmate's complaint challenging nunc pro tunc sentencing entry failed to state a viable mandamus claim against named respondent—Court of appeals' dismissal of complaint affirmed.*

(No. 2021-0634—Submitted October 26, 2021—Decided February 7, 2022.)

APPEAL from the Court of Appeals for Hamilton County, No. C-2100114.

————————————

**Per Curiam.**

{¶ 1} Appellant, Paul Adams, appeals the judgment of the First District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, former Hamilton County Common Pleas Court Judge Robert C. Winkler, and denying his motion for summary judgment.  We affirm.

## I. BACKGROUND

**{¶ 2}** A jury found Adams guilty of two counts of aggravated robbery with specifications, one count of aggravated burglary with specifications, and two counts of robbery. In December 2011, the trial court merged the robbery counts with the aggravated-robbery counts and sentenced Adams to consecutive 5-year terms for the three aggravated felonies, plus consecutive 3-year terms for two of the specifications, for an aggregate sentence of 21 years in prison. The court of appeals affirmed the convictions and sentence. *State v. Adams*, 1st Dist. Hamilton No. C-120059, 2013-Ohio-926.

**{¶ 3}** R.C. 2929.14(C)(4) requires a trial court to make statutory findings prior to imposing consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. And the trial court must incorporate those findings into the sentencing entry. *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 206. The trial court's December 2011 sentencing entry failed to include the findings necessary to impose consecutive sentences.

**{¶ 4}** In August 2014, Adams filed a motion to vacate the sentencing entry based on the absence of the R.C. 2929.14(C)(4) findings. The trial court denied the motion. But on September 11, 2014, the court issued a nunc pro tunc sentencing entry imposing the same sentence but this time including the R.C. 2929.14(C)(4) findings.

**{¶ 5}** On January 12, 2021, Adams filed a complaint for a writ of mandamus in the First District Court of Appeals against Judge Winkler alleging that the judge had lacked jurisdiction to change his sentence. He asked for a writ of mandamus compelling Judge Winkler to vacate the nunc pro tunc entry and reinstate the original judgment entry.

**{¶ 6}** Judge Winkler filed a memorandum in opposition to the complaint, arguing that Adams had an adequate remedy to challenge the nunc pro tunc sentencing entry in the ordinary course of the law by way of appeal.

**{¶ 7}** On April 16, 2021, the court of appeals dismissed the complaint, citing two reasons. First, the court sua sponte took judicial notice of the fact that by the time Adams filed his complaint, Judge Winkler was no longer sitting on the common pleas court and had been elected to the court of appeals; therefore, the court of appeals determined, the complaint was defective for failing to name the proper party as respondent. Second, the court agreed that Adams had had an adequate remedy: he could have appealed the nunc pro tunc entry.

**{¶ 8}** On April 19, three days after the court of appeals' decision, Adams filed a motion for summary judgment. The court denied the motion as moot because it had already dismissed the case. Adams appealed.

## II. LEGAL ANALYSIS

**{¶ 9}** To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. A court may dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. This court reviews dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 10}** In his merit brief, Adams asserts two propositions of law. Under his first proposition of law, Adams implicitly concedes that he named the wrong respondent but contends that the court of appeals had a duty to join the proper judge rather than dismiss the complaint. Adams is not correct.

**{¶ 11}** We considered a similar set of facts in *State ex rel. Johnson v. Jensen*, in which an inmate filed a complaint for a writ of procedendo naming the former trial judge rather than the assigned judge as respondent. 140 Ohio St.3d 65, 2014-Ohio-3159, 14 N.E.3d 1039. We affirmed the dismissal of the complaint because the failure to name the proper respondent had made the complaint "fatally defective." *Id.* at ¶ 5. Under *Johnson*, the court of appeals correctly dismissed Adams's complaint for his failure to name a proper respondent.

**{¶ 12}** Adams argues that the court of appeals should have joined the correct judge, if feasible, pursuant to Civ.R. 19. Civ.R. 19(A)(1) provides for the joinder of a party if "in his absence *complete* relief cannot be accorded among those already parties." (Emphasis added.) But that rule contemplates a valid cause of action between the original parties. Civ.R. 19 does not pertain to the situation here, where Adams's complaint failed to state a viable mandamus complaint against the respondent because that judge, having left the common-pleas-court bench, has no legal authority to perform the act Adams seeks to compel. For the same reason, Civ.R. 21, which states that "[m]isjoinder of parties is not ground for dismissal of an action," does not apply.

**{¶ 13}** Alternatively, Adams argues that the respondent waived the "improper party" defense, but he relies on a distinguishable line of cases. He cites cases in which a plaintiff sued an alleged corporate wrongdoer under the wrong corporate name. *See Smith v. Brush-Moore Newspapers, Inc.*, 27 Ohio St.2d 111, 111-112, 271 N.E.2d 846 (1971) (plaintiff sued corporate defendant believing it owned the premises where the injury occurred, when in fact the owner was a wholly owned subsidiary of the named defendant); *Maloney v. Callahan*, 127 Ohio St. 387, 394, 188 N.E. 656 (1933) (complaint named the corporation's trade name rather than its actual name of incorporation); *Boehmke v. N. Ohio Traction Co.*, 88 Ohio St. 156, 162-163, 102 N.E. 700 (1913) (plaintiff sued corporation under its premerger name). In those cases, we held that amendment of the complaint was permissible, given that

the corporation, notwithstanding the plaintiff's error, had appeared and defended the action. *Smith* at 115-116; *Maloney* at paragraph 5 of the syllabus; *Boehmke* at 163. But whereas those cases involved technical errors in the identification of a defendant, here Adams simply sued the wrong person. These decisions do not support Adams's theory that his failure to sue the right judge is an affirmative defense subject to waiver.

{¶ 14} Adams's complaint failed to state a claim in mandamus because he did not name any respondent who could grant the relief he seeks. The court of appeals was correct to dismiss the complaint on that basis. And it necessarily follows that the court correctly denied Adams's motion for summary judgment. Given this determination, we need not consider Adams's second proposition of law, challenging the trial court's jurisdiction to issue the nunc pro tunc entry.

### III. CONCLUSION

{¶ 15} For the foregoing reasons, we affirm the judgment of the court of appeals dismissing Adams's complaint for a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., not participating.

_____

Paul Adams, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Keith Sauter, Assistant Prosecuting Attorney, for appellee.

_____