**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Robinson v. McConahay*, **Slip Opinion No. 2023-Ohio-498.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-498

ROBINSON, APPELLANT, *v.* MCCONAHAY, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. McConahay*, Slip Opinion No. 2023-Ohio-498.]**

*Habeas corpus—Petitioner failed to file affidavit of prior civil actions as required by R.C. 2969.25(A)—Petitioner's complaint was not verified as required by R.C. 2725.04—No rule authorizes an appellant to file a motion for summary judgment in a direct appeal to this court—Court of appeals' judgment dismissing complaint affirmed—Motion for summary judgment denied.*

(No. 2022-0723—Submitted January 10, 2023—Decided February 23, 2023.)

APPEAL from the Court of Appeals for Richland County,

No. 2022 CA 0033.

_____

**Per Curiam.**

{¶ 1} Appellant, Jackie N. Robinson, appeals the judgment of the Fifth District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Tim McConahay, warden of the Mansfield Correctional

Institution. He has also filed a motion for summary judgment in this court. For the reasons that follow, we affirm the judgment of the court of appeals and deny Robinson's motion.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} In 1976, Robinson pleaded guilty to burglary in the Summit County Court of Common Pleas, and the trial court sentenced him to 2 to 15 years in prison. He was released on parole in 1978. *See Robinson v. LaRose*, 11th Dist. Trumbull No. 2015-T-0051, 2015-Ohio-4323, ¶ 2.

{¶ 3} While on parole in 1979, Robinson was indicted by a Summit County grand jury for numerous felony offenses. *Id.* at ¶ 3. The case was tried to a jury, and Robinson was found guilty of aggravated robbery, carrying a concealed weapon, and having a weapon while under disability. *Id.* at ¶ 4. He was sentenced to 7 to 25 years for aggravated robbery, 1 to 10 years for carrying a concealed weapon, and 1 to 5 years for having a weapon while under disability—all to be served consecutively, for a total prison term of 9 to 40 years. *Id.* According to McConahay, the sentences for those offenses ran consecutively to the sentences imposed in Robinson's 1976 case because they were committed while he was on parole. Since his 1979 conviction, Robinson has been released on parole and convicted of new crimes at least four times.

{¶ 4} In May 2022, Robinson filed his petition for a writ of habeas corpus in the Fifth District, claiming that his 1979 convictions are void because the Summit County Common Pleas Court lacked subject-matter jurisdiction and committed plain error by enhancing his sentences for "minor crimes for gun charges" on the ground that his 1976 burglary "was a prior offense of violence."

{¶ 5} The court of appeals sua sponte dismissed Robinson's complaint for two reasons. 5th Dist. Richland No. 2022 CA 0033 (May 11, 2022). First, the petition was not verified as required by R.C. 2725.04. *Id*. at 1. And second, Robinson failed to comply with R.C. 2969.25(A), which requires an inmate who

files a habeas corpus petition to attach an affidavit listing all federal and state civil actions or appeals of civil actions that he has filed in the previous five years. *Id*. at 1-2.

{¶ 6} This cause is now before us upon Robinson's appeal as of right.

## II. ANALYSIS

### A. Robinson's Petition is Fatally Defective

{¶ 7} The court of appeals properly dismissed Robinson's petition because Robinson did not comply with the mandatory filing requirements of R.C. 2725.04 and R.C. 2969.25(A).

{¶ 8} First, Robinson's petition is fatally defective because he failed to satisfy the verification requirements of R.C. 2725.04. This court has explained that the term " '[v]erification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.' " *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001), quoting *Black's Law Dictionary* 1556 (7th Ed.1999). Robinson's petition does not contain a declaration swearing to the truth of the statements contained therein or proof that it was verified in the presence of a notary public.

{¶ 9} Second, Robinson failed to attach an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court," as required by R.C. 2969.25(A). The court of appeals noted that Robinson had "filed at least nine civil actions in the Ninth, Tenth, and Eleventh District Courts of Appeals and in the Ohio Supreme Court" in the five years preceding the filing of the habeas petition at issue in this case. 5th Dist. Richland No. 2022 CA 0033 at 2. But Robinson did not file an affidavit disclosing those actions with his habeas petition. "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

**{¶ 10}** Based upon the foregoing, the court of appeals properly dismissed Robinson's petition for a writ of habeas corpus.

### B. Robinson's Motion for Summary Judgment is Denied

**{¶ 11}** On October 31, 2022, Robinson filed a "motion for Summary Judgment on arguments before [the] Court" in this appeal, raising a new claim asserting that his 1976 burglary sentence is void because he pleaded guilty to a single first-degree-felony count of burglary but was sentenced for a felony of the second degree. There is no rule authorizing an appellant to file a motion for summary judgment in a direct appeal. Regardless, the issue raised in Robinson's motion is not properly before this court because it was not raised in his habeas petition below. *See North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶ 6 (failure to raise an issue in the habeas petition or in the proceeding before the court of appeals waives the issue on appeal). And as we have explained, because Robinson's petition is fatally defective, he cannot prevail.

### III. CONCLUSION

**{¶ 12}** Based on the foregoing, the court of appeals properly dismissed Robinson's petition for a writ of habeas corpus. Accordingly, we affirm the judgment of the Fifth District Court of Appeals and deny his motion for summary judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Jackie N. Robinson, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

————————————