**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roush v. Hickson*, Slip Opinion No. 2023-Ohio-1696.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1696

THE STATE EX REL. ROUSH, APPELLANT, *v*. HICKSON,[1] JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roush v. Hickson*, Slip Opinion No. 2023-Ohio-1696.]**

*Mandamus—A court must give the parties notice and an opportunity to be heard before taking notice of facts contained in another court's docket and relying on those facts to sua sponte dismiss a complaint for failure to comply with R.C. 2969.25—Court of appeals failed to give appellant notice and an opportunity to be heard on propriety of its taking notice of his earlier federal filing before sua sponte dismissing his complaint for failure to comply with R.C. 2969.25(A)—Court of appeals' judgment reversed and cause remanded.*

---

1. The complaint named as the respondent Judge Henry E. Shaw Jr. of the Morrow County Court of Common Pleas, who died during the pendency of this appeal. Judge Robert C. Hickson Jr. of the Morrow County Court of Common Pleas has been substituted for Judge Shaw as appellee in this appeal. *See* S.Ct.Prac.R. 4.06(B) and Civ.R. 25(D)(1).

(No. 2022-0619—Submitted January 10, 2023—Decided May 23, 2023.)

APPEAL from the Court of Appeals for Morrow County,

No. 2022CA0005.

_____

**Per Curiam.**

{¶ 1} Appellant, Shane Roush, appeals the dismissal of his complaint for a writ of mandamus to compel the common-pleas-court judge who sentenced him to correct an allegedly illegal criminal sentence. The issue presented in this appeal is whether a court must give the parties notice and an opportunity to be heard before taking notice of facts contained in another court's docket and relying on those facts to sua sponte dismiss a complaint for failure to comply with R.C. 2969.25. We hold that a court must do so. We therefore sustain Roush's first and second assignments of error, reverse the judgment of the court of appeals, and remand the case to that court for further proceedings consistent with this opinion. Based on our resolution of these assignments of error, we conclude that Roush's remaining arguments are not ripe.

**Background**

{¶ 2} In April 2022, Roush filed a complaint for a writ of mandamus in the Fifth District Court of Appeals, arguing that his aggregate 25-year mandatory prison sentence for attempted murder with specifications was unlawful because the trial court had no authority to specify that the sentences for the individual criminal offenses were mandatory.

{¶ 3} As an inmate, Roush was required to file with his complaint an affidavit describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court. *See* R.C. 2969.25(A). "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3. The affidavit Roush filed with his complaint states, in full, "I, Shane

Roush, do hereby state and declare that I have not filed any Civil Complaints nor any Civil/Criminal appeals within the last five years."

{¶ 4} In its entry dismissing Roush's complaint, the court of appeals stated, "On July 18, 2017, Roush filed a petition for [a] writ of habeas corpus in the United States District Court, S.D.Ohio, Eastern Division." The entry that the court of appeals cited to support that finding, *Roush v. Warden*, S.D. Ohio No. 2:17-CV-755, 2018 WL 836056 (Feb. 12, 2018), merely adopted a magistrate judge's recommendation that the action be dismissed, without specifying the nature of the action or the date of its filing. We may therefore infer that the court of appeals examined the federal court's docket for that case—which was not part of the record in this mandamus action—to determine that Roush had failed to disclose the 2017 habeas petition.

{¶ 5} Because the habeas petition was filed within five years of the filing of Roush's mandamus complaint, the court of appeals concluded that Roush had failed to comply with R.C. 2969.25(A). Accordingly, the court dismissed his complaint sua sponte.

<strong>Analysis</strong>

{¶ 6} As his first two assignments of error, Roush argues that the court of appeals erred by consulting the record of a case in another court to determine the accuracy of his R.C. 2969.25(A) affidavit and by dismissing his complaint sua sponte based on information it thereby obtained without first giving him notice and an opportunity to be heard. On the facts before us, it is evident that the court of appeals did take notice of another court's docket in determining that Roush's affidavit did not comply with R.C. 2969.25(A).

{¶ 7} "It is axiomatic that a trial court may take judicial notice of its own docket." *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). In *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16, 661 N.E.2d 170 (1996), we affirmed the court of appeals' judgment granting a motion

to dismiss a prohibition complaint and thereby approved of that court's having taken judicial notice of whether a particular issue had been presented and resolved in earlier appeals in that court related to the same underlying litigation.

**{¶ 8}** In *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 18, we held that Neguse's affidavit disclosing his prior civil actions was deficient because it did not include all the information required under R.C. 2969.25(A). *Id*. at ¶ 12. We went on to consider whether the existence of an adequate remedy in the ordinary course of the law precluded Neguse's prohibition claim. *Id*. at ¶ 15-18. In analyzing that issue, we cited three court of appeals' decisions describing claims Neguse had asserted in earlier litigation. *Id*. at ¶ 17. We stated that it was appropriate to consider the earlier cases because "[w]hen entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." In that case, we took notice of the fact that Neguse's complaint misstated the record of his earlier postconviction proceedings and we concluded that he had an adequate remedy in the ordinary course of the law by appeal from a judgment denying his earlier petition for postconviction relief. *Id*. at ¶ 17-19. We therefore affirmed the judgment of the court of appeals dismissing Neguse's prohibition complaint on those grounds. *Id*. at ¶ 20.

**{¶ 9}** The facts of this case are distinguishable from those of *Corrigan* and *Neguse* as this case was not decided on a motion to dismiss. Indeed, the opposing party, Judge Shaw, was never served with Roush's complaint or the notice of appeal filed in this court and never appeared at any stage of the proceeding. Although Evid.R. 201(C) authorizes a court to take judicial notice of adjudicative facts "whether requested or not," Evid.R. 201(E) provides, "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken."

**{¶ 10}** Here, Roush was never given notice that the court of appeals would consult another court's docket to determine whether his affidavit complied with R.C. 2969.25. Furthermore, the court of appeals' reliance on information obtained outside the record to sua sponte dismiss Roush's complaint foreclosed any opportunity he had for meaningful review of his request for a writ of mandamus. Because the court of appeals failed to give Roush notice and an opportunity to be heard on the propriety of the court's taking judicial notice of his earlier federal filing, we reverse its judgment and remand this cause to the court of appeals for further proceedings.

### Conclusion

**{¶ 11}** We sustain Roush's first and second assignments of error, reverse the judgment of the court of appeals, and remand this cause to that court for further proceedings, which may include the issuance of an order to show cause why the case should not be dismissed for Roush's failure to comply with R.C. 2969.25. Based on our resolution of these assignments of error, we conclude that Roush's remaining arguments are not ripe.

Judgment reversed

and cause remanded.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

BRUNNER, J., dissents, with an opinion.

_____

**BRUNNER, J., dissenting.**

**{¶ 12}** The majority concludes that a court must give the parties notice and an opportunity to be heard before taking notice of facts contained in another court's docket and relying on those facts in sua sponte dismissing a complaint for failure to comply with R.C. 2969.25. Majority opinion, ¶ 1. I respectfully argue that the majority's reasoning falls short as a basis for reversing the judgment of the Fifth

District Court of Appeals sua sponte dismissing appellant Shane Roush's complaint for a writ of mandamus. In my view, we are obliged to affirm the Fifth District's decision.

{¶ 13} The majority relies on Evid.R. 201(E) in requiring that the court of appeals give Roush notice and an opportunity to be heard. But Evid.R. 201 applies "only [to] adjudicative facts[,] i.e., the facts of the case." Evid.R. 201(A). Roush's federal filing of which the court of appeals took notice was not an adjudicative fact, because it was not a fact involving the record to be considered by the appellate court in adjudicating the habeas corpus claim. Therefore, I disagree with the majority's implication that the court of appeals may ultimately take formal judicial notice of Roush's federal filing. Even if the court of appeals affords Roush notice and an opportunity to be heard, judicial notice of the federal filing would not be supported by Evid.R. 201 and taking such notice would be improper.

{¶ 14} This court has recognized that courts "may take notice" of the docket of another case in the same court. *See State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 18. In *Neguse*, we did not refer to Evid.R. 201 and we limited the practice to when a court is entertaining a motion to dismiss and when the noticed docket is for a closely related case. *Id.* But neither of these conditions exist in Roush's case, which involves a sua sponte dismissal. Here, the court of appeals was not entertaining a motion to dismiss. And although the court noted that the federal filing was a petition for a writ of habeas corpus, the record before us contains nothing to suggest that the federal case is closely related to this case. Thus, *Neguse* and Evid.R. 201 do not supply a basis for reversing the Fifth District's decision.

{¶ 15} Further complicating our review is our prior implicit condoning of the Fifth District's apparent practice of investigating sources outside the record and the pleadings to verify compliance with R.C. 2969.25(A). In *Robinson v. McConahay*, __ Ohio St.3d __, 2023-Ohio-498, __ N.E.3d __, ¶ 9, we affirmed the

6

Fifth District's sua sponte dismissal of a habeas petition in part because the petitioner had filed nine other civil actions in other appellate courts in the five years preceding the filing at issue. In its judgment entry, the Fifth District specifically referred to its own search of Westlaw, which revealed the other filings. I do not believe that this practice adheres to the standard of objectivity a court should be observing in reaching decisions on petitions such as the one filed by Roush.

**{¶ 16}** We have held that noncompliance with R.C. 2969.25 is fatal and a sufficient basis for the court of appeals to dismiss a habeas corpus petition upon a respondent's motion. *See Westerfield v. Bracy*, __ Ohio St.3d __, 2023-Ohio-499, __ N.E.3d __, ¶ 10. But it is questionable whether the investigation into compliance with R.C. 2969.25 should be initiated by a court. *See* Jud.Cond.R. 2.9(C) ("A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed"). At the same time, it may be ultimately beneficial to a petitioner whose pleadings are deficient to receive a swift dismissal in order to refile with a legally compliant affidavit sooner. *See State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, 29 N.E.3d 967, ¶ 8 (noting that a dismissal for failure to comply with R.C. 2969.25 is not a dismissal with prejudice).

**{¶ 17}** Because the court of appeals cannot and should not take notice under Evid.R. 201 of Roush's prior federal filing, I would consider, based on the record before us, the merits of Roush's arguments in support of his mandamus claim. And because those arguments are unavailing, I would affirm the court of appeals' judgment, albeit on different grounds.

_____

Shane Roush, pro se.

_____