[Cite as *State ex rel. Hayes v. Phipps*, 2024-Ohio-1286.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Shareiff Hayes, | : | |
| [Relator], | : | |
| v. | : | No. 23AP-562 |
| | : | (REGULAR CALENDAR) |
| The Honorable Judge Karen Held Phipps, | : | |
| [Respondent]. | : | |

---

D E C I S I O N

Rendered on April 4, 2024

---

**On brief:** *Shareiff Hayes*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Jennifer Warmolts*, for Honorable Karen Held Phipps.

---

IN MANDAMUS/PROCEDENDO
ON SUA SPONTE DISMISSAL

MENTEL, P.J.

{¶ 1} Complainant, Shareiff Hayes, filed a complaint requesting a writ of mandamus or procedendo, or, in the alternative, a writ of habeas corpus, after respondent, the Honorable Karen Held Phipps of the Franklin County Court of Common Pleas, accepted his guilty plea and revoked his bond in his pending criminal case. Mr. Hayes believes that Judge Phipps failed to enter proper judgment on his bond revocation and requests that this court order her to prepare and enter judgment. He also seeks a writ of habeas corpus because he believes his detention is unlawful. Respondent filed a motion to dismiss the complaint, arguing that Mr. Hayes has an adequate remedy at law by way of appeal and is therefore not entitled to a writ of mandamus.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate recommends that we dismiss Mr. Hayes' complaint sua sponte for failure to comply with a number of mandatory pleading requirements of the Ohio Rules of Civil Procedure.

{¶ 3}    Mr. Hayes filed no objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See*, *e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed).  We note that Civ.R. 53(D)(3)(b) allowed for objections, thereby providing Mr. Hayes with "notice and an opportunity to be heard on the propriety of the [magistrate] taking judicial notice of" the docket in Mr. Hayes' criminal case when preparing the decision recommending sua sponte dismissal.  *State ex rel. Roush v. Hickson*, 173 Ohio St.3d 10, 2023-Ohio-1696, ¶ 1, 10 (per curiam) (holding that "a court must give the parties notice and an opportunity to be heard before taking notice of facts contained in another court's docket and relying on those facts to sua sponte dismiss a complaint" in mandamus "for failure to comply with R.C. 2969.25").  Even so, the magistrate's decision does not rely on judicially noticed facts to identify the pleading deficiencies mandating dismissal, but includes such facts for purposes of descriptive completeness and context.  We emphasize as well the magistrate's statement that the dismissal of Mr. Hayes' complaint is without prejudice.

{¶ 4}    Finding no error of law or other defect on the face of the magistrate's decision, we adopt it in its entirety, dismiss the complaint sua sponte, and overrule respondent's motion as moot.

*Complaint dismissed*;
*motion overruled as moot.*

JAMISON and BOGGS, JJ., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| v. | : | No.  23AP-562 |
| | : | |
| Sharieff Hayes, | : | (REGULAR CALENDAR) |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on November 9, 2023

*G. Gary Tyack,* Prosecuting Attorney, and *Jennifer Warmolts,* for Honorable Karen Phipps.

*Sharieff Hayes*, pro se.

### IN MANDAMUS/PROCEDENDO
### ON SUA SPONTE DISMISSAL
### ON MOTIONS

**{¶ 5}**    Complainant Sharieff Hayes has filed a complaint requesting a writ of mandamus/procedendo. In the alternative, Hayes seeks a writ of habeas corpus.

## I. Findings of Fact

**{¶ 6}**    1. Hayes is the defendant in *State of Ohio v. Hayes*, Franklin C.P. No. 20CR-3511 ("Case No. 20CR-3511").[1]

---

[1] A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a publicly accessible website); *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) ("Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' "); Evid.R. 201(B). With regard to actions in procedendo, a court is permitted to consider the record of the trial court and judicial decisions provided by the respondent in determining whether the respondent has already performed the act sought in the complaint. *State ex rel. Sevilla v. Cocroft*, 10th Dist. No. 21AP-167,

{¶ 7} 2. The Honorable Karen Phipps, judge of the Franklin County Court of Common Pleas, General Division, is presiding over Case No. 20CR-3511.

{¶ 8} 3. Earlier this year, Hayes filed two appeals from Case No. 20CR-3511 to this court. In both cases, this court dismissed Hayes's appeals for lack of a final appealable order. *State of Ohio v. Hayes*, 10th Dist. No. 23AP-481 (Aug. 10, 2023 Journal Entry of Dismissal); *State of Ohio v. Hayes*, 10th Dist. No. 23AP-536 (Sept. 12, 2023 Journal Entry of Dismissal).

{¶ 9} 4. On September 21, 2023, Hayes filed his complaint in this court requesting a writ of mandamus/procedendo.

{¶ 10} 5. In his complaint, Hayes states that he is "request Original Action proceeding by way of a writ of mandamus/procedendo pursuant to Section 3 Article 4 of The Ohio Constitution to order a 'trial court final entry' or a 'judgment/order entry journalised' in the instant case by Trial court Judge Karen Held Phipps." (Sic passim.) (Compl. at 1-2.) Listing Case No. 20CR-3511 in his complaint, Hayes takes issue with Judge Phipps's alleged failure to file a "trial court final entry or a judgement order entry." (Compl. at 1.) Hayes states that "judgment entries in the instant case are all filed the day of the issued order or the following business except for the judgment entries needed on orders issued in bond hearings scheduled June 28, 2023; August 23, 2023." (Sic passim.) (Compl. at 2.) Hayes alleges "the intent of delay or ignoring of bond hearing judgment entries is relevant considering the trial court's statements in court transcripts; May 04, 2023 page (3); May 15, 2023 pages (11 and 33); June 28, 2023 page (9);, where the trial court judge is well aware of the order issued from a verbal order denying bail and remanding Mr. Hayes to jail on prior bond hearings." (Sic passim.) (Compl. at 2.) Hayes alleges such actions are "unconstitutional according to the statutory regime set by the General Assembly in Section 2937.222 of the Ohio Revised Code; and Section 9 Article 1 of The Ohio Constitution and renders the right to appeal baseless where there is a Constitutional order of action with no 'final appealable order' pursuant to R.C. 2937.222(D), which constitutes abuse of the procedural due process of the law which is a direct violation of the Fifth Amendment, U.S. Const. Amend. V." (Sic passim.) (Compl.

---

2021-Ohio-4280, ¶ 6. Based on the foregoing, it is appropriate in this instance to take judicial notice of the docket of the common pleas court in Case No. 20CR-3511.

at 2.) Hayes requests "this court to ensure that the judgment entries are in compliance with the statutory regime set by the General Assembly for Section 2937.222 of the Ohio Revised Code; and Section 9 Article 1 of The Ohio Constitution." (Sic passim.) (Compl. at 3.)

{¶ 11} 6. Hayes also states in his complaint: "If the court could let this original Action complaint serve as an alternative writ of way of habeas corpus to investigate the legality of Mr. Hayes detention without bail pursuant to R.C. 2937.222 and Ohio constitution, Art 1 Sec 9 reference to his dismissed bond appeal case." (Sic passim.) (Compl. at 4.) Finally, Hayes "also request[s] this court to reconsider the law and argument pertaining to: State vs. Sharieff Hayes * * * 23-AP-000536 10th District." (Sic passim.) (Compl. at 4.)

{¶ 12} 7. On October 18, 2023, Judge Phipps filed a motion to dismiss. In the motion to dismiss, Judge Phipps states that "it is unclear specifically what [Hayes] wishes to obtain through this request." (Mot. at 4.) Judge Phipps states that Hayes is "currently a defendant in Franklin County Commons [sic] Pleas Court case number 20-CR-3511, with the Honorable Judge Karen Phipps presiding" and that he "is charged with possession of drugs, a felony of the second degree, in violation of Ohio Revised Code 2925.11." (Mot. at 3.) Judge Phipps "interprets his request to ask this court to review and compel Respondent to modify [Hayes's] current bond in 20-CR-3511." (Mot. at 4.)

{¶ 13} With regard to R.C. 2937.222, Judge Phipps states that "[u]pon his plea of guilty, [Hayes's] bond was revoked upon judicial discretion." (Mot. at 7-8.) Judge Phipps states that "[t]here is little Ohio legal authority discussing the applicability of R.C. 2937.222 to circumstances of bond revocation." (Mot. at 8.) Nevertheless, Judge Phipps states that "this court has previously determined that should the trial court be required to follow R.C. 2937.222, an adequate remedy exists by way of appeal." (Mot. at 8.)[2]

{¶ 14} 8. Hayes filed a response on October 30, 2023.

## II. Discussion and Conclusions of Law

---

[2] The magistrate notes that review of the docket in Case No. 20CR-3511 reveals an August 15, 2023 motion for bond hearing filed by Hayes. A notice of hearing filed August 15, 2023 provides that a bond hearing would be held on August 23, 2023. The docket does not appear to reflect an entry denying bail or bond following the August 15, 2023 motion.

{¶ 15} Hayes's complaint must be dismissed. The Local Rules of the Tenth District Court of Appeals make plain that original actions are governed by the Ohio Rules of Civil Procedure, as supplemented by the local rules. Loc.R. 2(B). Loc.R. 13(A) provides that "[a]n original action, other than habeas corpus, shall be instituted by the filing of a complaint." Here, the complaint fails to comply with the Ohio Rules of Civil Procedure in multiple respects.

{¶ 16} Civ.R. 10(A) requires that the title of the action in the complaint "shall include the names and addresses of all the parties." Civ.R. 10(A). Hayes's complaint does not include the names of all the parties to this original action, but rather appears to list the parties in his underlying criminal case in Case No. 20CR-3511. Hayes's complaint also fails to comply with the requirement in Civ.R. 10(A) to list the addresses of all the parties. These defects are fatal to the complaint. *State ex rel. Johnson v. Jensen*, 140 Ohio St.3d 65, 2014-Ohio-3159, ¶ 5 (finding complaint in procedendo naming the wrong party as the respondent was "fatally defective" and affirming the dismissal of the complaint); *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 133 (2001) (holding that complaint for writ of mandamus or habeas corpus was "defective because [the petitioner] failed to name the proper respondents and did not include their addresses" and affirming dismissal); *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, ¶ 11 (stating that "a petitioner's failure to list the proper parties and their respective addresses in the case caption renders a habeas petition or complaint defective"); *Heine v. Crall*, 10th Dist. No. 93AP-65, 1993 Ohio App. LEXIS 2616 (May 18, 1993) ("Pursuant to Civ.R. 10(A), a complaint must contain the names and addresses of all parties except for a defendant whose name is initially unknown. This requirement is mandatory."); *Cousino v. State*, 6th Dist. No. L-06-1368, 2007-Ohio-2142, ¶ 6 (finding petition for writ of mandamus "defective on its face" where "the caption does not list the court or any judge of the court as the respondent to the petition for a writ of mandamus and fails to designate any addresses for service"). *See also State ex rel. Adams v. Winkler*, 166 Ohio St.3d 412, 2022-Ohio-271, ¶ 11; *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, ¶ 8; *Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 8th Dist. No. 109716, 2020-Ohio-3730, ¶ 6.

{¶ 17} Hayes's complaint additionally does not comply with the requirement in Civ.R. 10(B) that "[a]ll averments of claim or defense shall be made in numbered

paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." *See Discover Bank v. Schiefer*, 10th Dist. No. 09AP-1178, 2010-Ohio-2980, ¶ 12.

{¶ 18} Furthermore, the complaint is defective with regard to Hayes's claims for relief in mandamus and habeas corpus. With regard to his mandamus claim, Hayes's complaint fails to caption the complaint "in the name of the state on the relation of the person applying" in compliance with R.C. 2731.04. This failure to comply with the statutory requirements renders the mandamus claim subject to dismissal. *Page v. Geauga Cty. Probate & Juvenile Court*, __ Ohio St.3d __, 2023-Ohio-2491, ¶ 2; *Maloney v. Court of Common Pleas*, 173 Ohio St. 226 (1962). Similarly, insofar as Hayes's complaint seeks relief in habeas corpus, the complaint fails to comply with the mandatory requirements of R.C. 2725.04. *See Robinson v. McConahay*, 171 Ohio St.3d 235, 2023-Ohio-498, ¶ 8 (finding habeas corpus petition "fatally defective because [the petitioner] failed to satisfy the verification requirements of R.C. 2725.04" because it "does not contain a declaration swearing to the truth of the statements contained therein or proof that it was verified in the presence of a notary public"); *McDonald v. Black*, 169 Ohio St.3d 443, 2022-Ohio-3938, ¶ 6; *State ex rel. Rohrig v. Columbus*, 10th Dist. No. 22AP-241, 2023-Ohio-1983, ¶ 15 (stating that the "proper party in a petition for habeas corpus is the jailer or warden who presently has legal custody of the individual"). Finally, insofar as Hayes seeks review of this court's prior entries dismissing his appeals for lack of final appealable order, an action in mandamus, procedendo, or habeas corpus is an original action, not an avenue for reconsideration of a court's decision in a prior appeal. *See generally State ex rel. Fred Stecker Lincoln-Mercury, Inc. v. Ohio Motor Vehicle Dealers Bd.*, 18 Ohio St.3d 391, 394 (1985) (stating that "collateral attacks cannot be maintained by an action in mandamus").

{¶ 19} Although Hayes is proceeding in this matter pro se, he is not excused from compliance with the applicable statutes, rules of procedure, or local rules of this court. " 'It is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651,

654 (10th Dist.2001). "A litigant proceeding pro se can neither expect nor demand special treatment." *Rizzo-Lortz v. Erie Ins. Group*, 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18. " 'In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel.' " *Isreal v. Franklin Cty. Commrs.*, 10th Dist. No. 20AP-51, 2021-Ohio-3824, ¶ 9, quoting *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7. *See State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, ¶ 1 (stating that "mere fact that [the appellant] is a pro se litigant does not entitle him to ignore the requirements of the local appellate rule"). Finally, while Hayes's complaint must be dismissed for failing to comply with procedural requirements, the magistrate notes that such dismissal is not a dismissal on the merits.

{¶ 20} Accordingly, it is the decision and recommendation of the magistrate that Hayes's complaint should be sua sponte dismissed. Judge Phipps's October 18, 2023 motion to dismiss is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

2.      Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.