[Cite as *Mallory v. Gallagher*, 2024-Ohio-1684.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.
VICTOR L. MALLORY,                  :

                                    :

     Relator,

                                    :                No. 113761

     v.

                                    :

JUDGE KELLY ANN GALLAGHER,          :

     Respondent.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** April 26, 2024

---

Writ of Mandamus
Motion No. 573530
Order No. 573749

---

### *Appearances:*

Victor L. Mallory, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Relator Victor L. Mallory ("Mallory") has filed a complaint for a writ of mandamus. Mallory seeks an order from this court that requires respondent

Judge Kelly Ann Gallagher ("Judge Gallagher") to grant his motion for discovery, to provide exculpatory evidence, and order a copy of the trial transcript in *State v. Mallory*, Cuyahoga C.P. No. CR-21-666510-A. Judge Gallagher has filed a motion for summary judgment that is granted.

{¶ 2} We find that Mallory's complaint for mandamus is procedurally defective for failure to comply with R.C. 2969.25(A) and (C). Specifically, Mallory failed to file an affidavit of prior civil actions as required by R.C. 2969.25(A). In addition, Mallory has failed to provide a certified copy of the institutional cashier's statement, where he is incarcerated, setting forth the balance in this inmate account as required by R.C. 2969.25(C).

{¶ 3} The requirements of R.C. 2969.25 are mandatory, and the failure to provide this court with an affidavit of prior civil actions and a certified institutional cashier's statement requires dismissal of Mallory's complaint for mandamus. *State ex rel. Townsend v. Gaul*, Slip Opinion No. 2024-Ohio-1128, ¶ 7, citing *State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761, ¶ 6; *Westerfield v. Bracy*, 171 Ohio St.3d 803, 2023-Ohio-499, 220 N.E.3d 799. In *Townsend*, the Supreme Court of Ohio recently reiterated that the requirements of R.C. 2969.25 are mandatory. *Id*. at ¶ 8. The failure to strictly comply with this statute means that relator cannot prevail, and this action is subject to dismissal. *See also Robinson v. McConahay*, 171 Ohio St.3d 235, 2023-Ohio-498, 216 N.E.3d 660; *State ex rel. Washington v. Ohio Adult Parole Auth*., 87 Ohio St.3d 258, 719 N.E.2d 544 (1999); *State ex rel. Zanders v. Ohio Parole Bd*., 82 Ohio St.3d 421, 696 N.E.2d

594 (1998). Finally, the failure to comply with R.C. 2969.25(A) or (C) cannot be cured by later filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982.

{¶ 4} Accordingly, we grant Judge Gallagher's motion for summary judgment. Costs to Mallory. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ denied.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR