**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Davis v. Sheldon,* **Slip Opinion No. 2020-Ohio-436.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-436

DAVIS, APPELLANT, *v*. SHELDON, SHERIFF, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Davis v. Sheldon,* Slip Opinion No. 2020-Ohio-436.]**

*Habeas corpus—Inmate failed to comply with commitment-paper and verification requirements of R.C. 2725.04—Court of appeals' dismissal of petition affirmed.*

(No. 2019-0782—Submitted October 22, 2019—Decided February 12, 2020.)

APPEAL from the Court of Appeals for Richland County, No. 2019-CA-47.

_____

**Per Curiam.**

{¶ 1} Appellant, James B. Davis, appeals the judgment of the Fifth District Court of Appeals dismissing his petition for a writ of habeas corpus.  We affirm.

**Facts and Procedural Background**

{¶ 2} On May 12, 2019, Davis was arrested in Richland County and held in jail on a felony charge of domestic violence.  The Mansfield Municipal Court scheduled a preliminary hearing for May 16, 2019, but that day granted the state's motion for a continuance.

{¶ 3} On May 28, 2019, Davis filed a petition for a writ of habeas corpus in the court of appeals against appellee, Richland County Sheriff J. Steve Sheldon, arguing that he was entitled to immediate release because the municipal court had failed to conduct a preliminary hearing within ten days after his arrest, in violation of R.C. 2945.71(C). Davis also claimed that the municipal court's continuance was fatally flawed because the court had failed to state any reason for the continuance. The next day, the court of appeals issued an alternative writ ordering the sheriff to release Davis "forthwith" or else show cause by May 30 at 12:00 p.m. why Davis's release should not be ordered.

{¶ 4} On May 30, the municipal court held a hearing and issued an order clarifying its reason for granting the continuance. The judge stated:

> This Court hereby finds that on the date of May 16, 2019, the State [p]resented adequate cause for the requested continuance, as a necessary witness was served her subpoena, but did not make herself present for the hearing. As the witness['s] testimony was essential to the case, cause was found, and a reasonable continuance granted.
>
> Therefore, this Court finds that cause existed at the time of the continuance.

The judge signed the order at 11:59 a.m., and the clerk journalized it at 12:03 p.m.

{¶ 5} On June 5, 2019, the court of appeals issued a judgment entry dismissing Davis's petition for a writ of habeas corpus. The court rejected Davis's argument that the municipal court had failed to comply with the noon deadline, holding, "We find Respondent did comply with the deadline as indicated by his notation that the order was signed at 11:59 a.m." The court concluded that "the

12:03 p.m. time stamp could at most be classified as a de minim[i]s noncompliance with this Court's order and is of no substantive consequence."

{¶ 6} On June 11, 2019, Davis filed a notice of appeal from the Fifth District's judgment and a motion to stay the court's judgment. On July 24, 2019, we denied Davis's motion for a stay. 156 Ohio St.3d 1470, 2019-Ohio-2953, 126 N.E.3d 1185.

**Analysis**

{¶ 7} The court of appeals correctly dismissed Davis's petition, because the petition does not comply with the mandatory filing requirements of R.C. 2725.04 and because his claims are not cognizable in habeas corpus.

{¶ 8} Davis's petition is fatally defective because he failed to satisfy the commitment-paper and verification requirements of R.C. 2725.04. He did not attach any commitment papers as required by R.C. 2725.04(D). *See Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527 (affirming denial of writ of habeas corpus sought by county-jail inmate for his failure to attach commitment papers). And Davis's petition does not contain any verification; neither Davis nor his attorney swore to the truth of the facts contained therein. *See Chari v. Vore*, 91 Ohio St.3d 323, 327-328, 744 N.E.2d 763 (2001) (holding that habeas corpus petition's lack of verification required dismissal).

{¶ 9} Even if Davis had satisfied the requirements of R.C. 2725.04, his claims would not be cognizable in habeas corpus, because he was indicted on June 24, 2019, on the same charge for which he has been held in jail since May 12, 2019. *See Gibson v. Wilson*, 5th Dist. Richland No. 08CA85, 2009-Ohio-829, ¶ 12 (habeas corpus will not lie for failure to hold a preliminary hearing once grand jury has returned an indictment); *Nash v. McFaul*, 8th Dist. Cuyahoga No. 81439, 2002-Ohio-3647, ¶ 2 (indictment renders any defects in a preliminary hearing moot).

{¶ 10} We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Darin Avery, for appellant.

Gary D. Bishop, Richland County Prosecuting Attorney, and Joseph C. Snyder, Assistant Prosecuting Attorney, for appellee.

————————————