[Cite as *State ex rel. Fowler v. Bowen*, 2022-Ohio-3790.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO, EX REL.
DELBERT M. FOWLER, III,

Petitioner,

v.

RICHARD A. BOWEN, JR.,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0046**

---

Writ of Habeas Corpus

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Nicholas S. Cerni*, 755 Boardman-Canfield Road, Suite M-1, Youngstown, Ohio 44512 for Petitioner and

*Atty. Dave Yost,* Ohio Attorney General and *Atty. Lisa K. Browning*, Senior Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215 for Respondent.

Dated:
October 21, 2022

**PER CURIAM.**

{¶1}    Petitioner Delbert M. Fowler III has commenced this original action by filing an application for a writ of habeas corpus seeking his immediate release from the Ohio State Penitentiary in Youngstown, Ohio.  Fowler argues his sentencing entry is incorrect under the guise of being self-executing, he has "illegally" had to wait for his parole opportunities, and his sentencing information remains incorrect within the Ohio Department of Rehabilitation and Correction's public information.  The petition names the warden, Richard A. Bowen Jr., as respondent.  Counsel for the warden has moved to dismiss, highlighting filing requirements Fowler has failed to satisfy.  The warden also contends Fowler's claim is not cognizable in habeas and that Fowler is not entitled to immediate release because he has not completed the maximum term of his sentence—life imprisonment.

{¶2}    Fowler was indicted in 1995 for aggravated murder, aggravated burglary, aggravated robbery, and kidnapping, along with corresponding firearm specifications.  Under a Crim.R. 11 plea agreement, the state amended the aggravated-murder count to murder, and, in exchange, Fowler entered guilty pleas to all counts.

{¶3}    On February 21, 1996, the trial court sentenced Fowler to consecutive terms of imprisonment of 15 years to life for murder and 10 to 25 years on each of the three remaining counts.  In addition, the court merged the firearm specifications, sentencing him to a consecutive 3-year term of imprisonment to be served before the sentences for the predicate offenses.

{¶4}    One week later, on February 29, 1996, Fowler moved to correct his sentence.  One issue he raised concerned the application of R.C. 2929.41(E)(1), which states: "Consecutive terms of imprisonment imposed shall not exceed: An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder * * *."  This provision presented the question of whether the three years of imprisonment for the firearm specification was included within the aggregate minimum term of 20 years identified in R.C. 2929.41(E)(1) or whether the three years of imprisonment is served before and in addition to the aggregate minimum term, for a total of 23 years.

Case No. 22 MA 0046

**{¶5}** The trial court overruled Fowler's motion to correct the sentence, stating: "Defendant's Motion to Correct a Sentence considered. By operation of law, defendant's sentences of imprisonment are subject to the limitations imposed pursuant to ORC. 2929.41(E)(1) and 2929.41(C)(3), therefore, the sentence need not be corrected. Motion overruled."

**{¶6}** Fowler appealed the trial court's decision to this court. We found that although the trial court's aggregation of the 3-year firearm-specification sentence with the minimum sentences for the other offenses may have been in error, it did not amount to reversible error because of R.C. 2929.41(E)(1). The Ohio Supreme Court has held that the terms of R.C. 2929.41(E)(3), then (E)(2), were self-executing, operating automatically to limit aggregate minimum sentences. *State v. White*, 18 Ohio St.3d 340, 481 N.E.2d 596 (1985). Based on this precedent, this court could perceive of no reason the same should not apply to R.C. 2929.41(E)(1). We, therefore, held that R.C. 2929.41(E)(1) automatically operates to limit Fowler's aggregate minimum term of imprisonment to 20 years, including the 3-year term of imprisonment imposed under R.C. 2929.71. Accordingly, we affirmed Fowler's sentence, concluding there was no need to modify Fowler's sentence, as the effects of the statutory scheme are self-executing. *State v. Fowler*, 7th Dist. Mahoning No. 96 C.A. 58, 1999 WL 61063 (Feb. 1, 1999).

**{¶7}** On May 25, 2007, Fowler moved to vacate his conviction and sentence. The trial court denied the motion on May 30, 2007. Fowler did not appeal the decision.

**{¶8}** On June 30, 2014, Fowler filed another motion to vacate his conviction. The trial court denied the motion on August 21, 2014. Fowler appealed to this court, arguing his conviction was not final because it did not comply with Crim.R. 32(C), and he was improperly allowed to enter a guilty plea to a charge not in the indictment. We found those arguments to be without merit and affirmed. *State v. Fowler*, 7th Dist. Mahoning No. 14 MA 124, 2015-Ohio-1053.

**{¶9}** Turning to this original action in habeas, counsel for the warden is correct that Fowler has failed to satisfy specific filing requirements. R.C. 2725.04 requires that an application for a writ of habeas corpus be verified: "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is

intended, or by some person for him * * *." The Ohio Supreme Court has explained this requirement:

> In the absence of any statutory definition of the requisite verification, we must apply the word's usual, normal, or customary meaning. *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 499, 696 N.E.2d 1054, 1057; R.C. 1.42. "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Garner, Black's Law Dictionary (7 Ed.1999) 1556; see, also, Webster's Third New International Dictionary (1986) 2543; *Youngstown Steel Door Co. v. Kosydar* (1973), 33 Ohio App.2d 277, 280, 62 O.O.2d 420, 422, 294 N.E.2d 676, 679 ("Verification under oath bespeaks some further formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does").

*Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001). In reviewing Chari's petition, the Court observed that neither Chari nor his attorney expressly swore to the truth of the facts therein. *Id.* at 328.

{¶10} Like the petition in *Chari*, Fowler's petition here does not contain a statement from Fowler or his attorney expressly swearing to the truth of the facts therein. The lack of verification requires the dismissal of the petition. *Davis v. Sheldon*, 159 Ohio St.3d 147, 2020-Ohio-436, 149 N.E.3d 467 (finding that inmate's petition did not contain any verification because neither inmate nor his attorney swore to the truth of the facts therein necessitating dismissal of the petition), *reconsideration denied,* 158 Ohio St.3d 1468, 2020-Ohio-1393, 142 N.E.3d 692.

{¶11} Besides the verification requirement found in R.C. 2725.04, R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The warden is a government employee, and Fowler, incarcerated in the Ohio State Penitentiary, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun.*

*Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, 831 N.E.2d 435, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

**{¶12}** The first filing requirement under R.C. 2969.25(A) requires an inmate who commences in the court of appeals a civil action or appeal against a governmental entity or employee to file an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include (1) a brief description of the nature of the civil case or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of each civil action or appeal. R.C. 2969.25(A)(1) through (4).

**{¶13}** Fowler's petition does not contain the affidavit required by R.C. 2969.25(A). Dismissal is an appropriate disposition of an inmate's petition that fails to comply with R.C. 2969.25(A). *Dunkle v. Hill*, 165 Ohio St.3d 580, 2021-Ohio-3835, 180 N.E.3d 1125, ¶ 9.

**{¶14}** Accordingly, in consideration of the foregoing and upon consideration of the warden's motion to dismiss, IT IS ORDERED by the court that said motion be, and the same is hereby, GRANTED, that the writ be, and the same is hereby, DENIED, and that this original action be, and the same is hereby, DISMISSED.

**{¶15}** IT IS FURTHER ORDERED by the court, pursuant to Civ.R. 58, that the Clerk of the Mahoning County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs taxed to Fowler.

 **JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

Case No. 22 MA 0046