**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*McDonald v. Black***, Slip Opinion No. 2022-Ohio-3938.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3938

MCDONALD *v*. BLACK, WARDEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McDonald v. Black*, Slip Opinion No. 2022-Ohio-3938.]**

*Habeas corpus—Petitioner failed to attach commitment papers as required by R.C. 2725.04(D)—Writ denied.*

(No. 2022-0646—Submitted August 30, 2022—Decided November 8, 2022.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} On May 27, 2022, petitioner, Dewitt McDonald Jr., an inmate at the Richland Correctional Institution, filed a petition for a writ of habeas corpus against respondent, Kenneth Black, the warden of the institution. We previously ordered a return of the writ. 167 Ohio St.3d 1404, 2022-Ohio-2047, 188 N.E.3d 1088. We now deny the writ.

## I. BACKGROUND

### A. *The allegations in the habeas petition*

**{¶ 2}** McDonald was convicted of aggravated murder and other felonies in 1995. According to McDonald, the sentencing entry for those convictions failed to state an aggregate prison term.[1] On direct appeal, the Sixth District Court of Appeals affirmed, construing the sentence as one of life imprisonment. *State v. McDonald*, 6th Dist. Erie No. E-95-046, 1997 WL 51221, *3 (Feb. 7, 1997). In later decisions, however, the court indicated that McDonald's actual sentence was "a life term of imprisonment without parole possibility for 20 years." *State v. McDonald*, 6th Dist. Erie No. E-06-016, 2007-Ohio-2148, ¶ 2; *accord State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 3. In a November 2020 judgment entry, on McDonald's motion to clarify his sentence, the common pleas court found that under the terms of the original sentencing entry, McDonald was eligible for parole consideration after 20 years.

**{¶ 3}** Although McDonald has been eligible for a parole hearing since at least 2016, one has not been held. In December 2021, McDonald filed a petition for a writ of habeas corpus in the Erie County Court of Common Pleas. On March 29, 2022, the court granted the writ and ordered McDonald's immediate release from prison. However, on May 4, the court vacated that order, concluding that it had lacked jurisdiction.

**{¶ 4}** On May 27, McDonald filed the present petition for a writ of habeas corpus in this court. The petition notes that in other contexts, courts have held that violations of a defendant's due-process rights may deprive a trial court of jurisdiction to impose sentence. McDonald argues by analogy that the failure to

---

1. As discussed below, the copy of the sentencing entry attached to the petition was incomplete.

accord him a parole hearing, as required by the sentencing entry, violates his due-process rights and entitles him to immediate release.[2]

### B. *The warden's return of the writ*

**{¶ 5}** In his return, the warden offers four reasons why the writ should be dismissed or denied, one of which is that McDonald failed to attach his commitment papers, as required by R.C. 2725.04(D). Because this issue is dispositive, we need not consider the warden's other contentions.

## II. LEGAL ANALYSIS

**{¶ 6}** R.C. 2725.04(D) requires a habeas petition to include the inmate's commitment papers "if [they] can be procured without impairing the efficiency of the remedy." Failure to attach the required documents is fatal to a habeas petition. *Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527, ¶ 4.

**{¶ 7}** McDonald attached only the first page of his 1995 sentencing entry to his habeas petition. In an affidavit attached to the petition, an employee of the law firm representing McDonald attested as follows:

> Despite numerous attempts to obtain the required documentation of Dewitt McDonald's commitment papers, our office has been unsuccessful.
>
> According to the state via Lieutenant Froy, the state claims that they no longer have that information. Lieutenant Froy asserts that due to the age of this case, the state is not required * * * to keep the requested documentation.

---

2. In his response to the warden's return, McDonald concedes that he has no due-process right to be released on parole but argues that he does have a due-process right to receive parole consideration after serving 20 years in prison.

Based on these representations, we ordered a return of the writ, notwithstanding the absence of the complete sentencing entry.

{¶ 8} The warden's return observes that the affidavit does not indicate where "Lieutenant Froy" is employed or explain how Lieutenant Froy is positioned to speak on behalf of the state. More importantly, the return notes that the affidavit does not indicate whether the affiant had attempted to obtain a copy of McDonald's sentencing entry from the Erie County clerk of courts. In addition, it alleges that the entry was filed electronically in two federal cases and that the claim that the entry no longer exists is therefore false.

{¶ 9} In his response, McDonald no longer contends that it was impossible to obtain the sentencing entry. Instead, he responds by arguing that he was not required to attach the entry to his habeas petition. He asserts that "R.C. 2725.04 does not say 'judgment entry[;]' it says, 'commitment papers.' Commitment papers are a set of documents wholly separate from a judgment entry." According to McDonald, the papers he is required to attach to satisfy R.C. 2725.04(D) are those that "state[] that the defendant is placed in [custody] for a specified amount of time."

{¶ 10} But the term "commitment papers" does not actually appear in the statute. R.C. 2725.04(D) provides that a habeas petition must include a copy of "the commitment or cause of detention" of the inmate. And as we have held, "the commitment or cause of detention" includes "all pertinent papers that caused [the] commitment, *including sentencing entries* and parole-revocation decisions." (Emphasis added.) *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 6.

{¶ 11} In light of McDonald's explanation in his brief—and specifically the admission that he did not attempt to locate his sentencing entry—it is now clear that the affidavit attached to his habeas petition did not offer a legitimate justification

for his failure to comply with R.C. 2725.04(D). We therefore deny McDonald's request for a writ without considering the warden's remaining arguments.

### III. CONCLUSION

**{¶ 12}** Based on the foregoing, we deny the petition for a writ of habeas corpus for McDonald's failure to comply with R.C. 2725.04(D).

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, STEWART, and BRUNNER, JJ., concur.

DONNELLY, J., concurs and notes that petitioner is not precluded from refiling.

_____

Kimberly Kendall Corral, for petitioner.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for respondent.

_____