[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Blodharn v. Chambers-Smith*, Slip Opinion No. 2024-Ohio-645.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-645

BLODHARN *v*. CHAMBERS-SMITH, DIR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Blodharn v. Chambers-Smith*, Slip Opinion No. 2024-Ohio-645.]**

*Habeas corpus—Petitioner failed to include commitment papers showing that imprisonment lacks legal authority, as required by R.C. 2725.04(D)—Writ denied.*

(No. 2023-1083—Submitted December 12, 2023—Decided  February 23, 2024.)

IN HABEAS CORPUS.

―――――――――――

**Per Curiam.**

{¶ 1} Petitioner, Heathen Blodharn, seeks a writ of habeas corpus to obtain his release from an Ohio prison.  He has named Annette Chambers-Smith, the director of the Ohio Department of Rehabilitation and Correction ("ODRC"), as the respondent.  Blodharn argues that he is unlawfully imprisoned in Ohio because he

has never been convicted of an offense in an Ohio court or been validly transferred to Ohio from a Montana prison.  We deny the writ.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Allegations in the Petition

{¶ 2} Blodharn alleges that he has been imprisoned in Ohio since June 1, 2022, despite never having been arrested for, charged with, or convicted of any crime in this state.  He has been confined in three different Ohio prisons since his transfer from a Montana prison on that date.

{¶ 3} Blodharn acknowledges that Montana and Ohio are members of the Interstate Corrections Compact ("ICC").  Under the ICC, an inmate of an institution in one member state may be transferred to an institution in another member state to serve a prison sentence.  *See* R.C. 5120.50; Mont.Code Ann. 46-19-401.  However, Blodharn contends that his imprisonment in Ohio is not pursuant to the ICC and is otherwise without any legal authority.

{¶ 4} On August 28, 2023, Blodharn filed his habeas petition in this court. Blodharn contends that he is unlawfully imprisoned in Ohio, and he asks for his immediate release from custody.  We ordered a return of writ.  171 Ohio St.3d 1436, 2023-Ohio-3328, 217 N.E.3d 804.

### B.  Chambers-Smith's Return of Writ

{¶ 5} Chambers-Smith timely filed a return of writ and provided facts and documents that Blodharn did not include in his habeas filing.  According to Chambers-Smith, Blodharn was formerly known as Danny Lee Warner Jr. and had been serving prison sentences for multiple convictions in Montana, including an October 2017 conviction that resulted in a 50-year sentence with parole eligibility after 35 years.  In March 2022, Billie Reich, the ICC coordinator at the Montana Department of Corrections ("MDC"), contacted Tracy Reveal, the ICC coordinator at ODRC, seeking assistance with finding a facility in which to place Blodharn. Reich indicated that Blodharn was "a hard to place inmate in Montana" because of

the need for him to be separated from other inmates and his affiliation with a white-supremacist group. Reich asked whether Blodharn could be housed in Ohio and offered to accept an Ohio prisoner in exchange for ODRC's accepting Blodharn. ODRC agreed to accept Blodharn at an ODRC institution, and Reveal arranged for Blodharn to be transported from Montana to Ohio on May 31, 2022. Blodharn arrived in Ohio and was placed in ODRC custody the next day.

**{¶ 6}** Blodharn did not file a response to Chambers-Smith's return of writ. After his time for response expired, however, Blodharn filed a motion for an expedited ruling in this case.

## II. ANALYSIS

**{¶ 7}** A writ of habeas corpus is warranted in certain circumstances when "there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). In her return of writ, Chambers-Smith offers several reasons why this court should either dismiss the petition or deny the writ, one of which being that Blodharn failed to include commitment papers with his petition as required by R.C. 2725.04(D). Because this issue is dispositive, we deny the writ without considering Chambers-Smith's other arguments. *See McDonald v. Black*, 169 Ohio St.3d 443, 2022-Ohio-3938, 205 N.E.3d 510, ¶ 5.

**{¶ 8}** A habeas petition must satisfy the filing requirements of R.C. 2725.04. *See Davis v. Sheldon*, 159 Ohio St.3d 147, 2020-Ohio-436, 149 N.E.3d 467, ¶ 7. One of those requirements is that the petitioner include a "copy of the commitment or cause of detention" or facts showing that "the imprisonment or detention is without legal authority." R.C. 2725.04(D). In this case, Blodharn did not attach any commitment papers related to his confinement, relying instead on the theory that his imprisonment in Ohio lacked any legal authority. This allegation stated an arguable habeas claim, for which this court ordered a return of writ.

{¶ 9} Chambers-Smith's return, however, reveals that Blodharn's petition omitted pertinent commitment papers related to his Ohio confinement. Chambers-Smith has submitted documents showing that (1) Blodharn is serving prison sentences for convictions entered in Montana courts and (2) MDC transferred Blodharn to the custody of ODRC pursuant to a prisoner exchange under the ICC. Blodharn failed to attach to his petition documentation of his commitments following his convictions and his transfer, nor did he allege facts indicating that he was unable to procure that documentation without impairing the efficiency of the habeas remedy. *See* R.C. 2725.04(D). When a return of writ shows that the petitioner did not satisfy the commitment-papers requirement of R.C. 2725.04(D), we have denied the writ on that basis. *See McDonald* at ¶ 8, 11. And so we do here.

### III. CONCLUSION

{¶ 10} For the foregoing reasons, we deny the writ of habeas corpus. We deny as moot Blodharn's motion for an expedited ruling.

Writ denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Heathen Blodharn, pro se.

Dave Yost, Attorney General, and Katherine E. Mullin, Assistant Attorney General, for respondent.

————————————

4