[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hawkins v. Frederick*, Slip Opinion No. 2025-Ohio-4540.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4540

THE STATE EX REL. HAWKINS, APPELLANT, *v*. FREDERICK, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hawkins v. Frederick*, Slip Opinion No. 2025-Ohio-4540.]

*Habeas corpus—Appellant's maximum sentence has not expired, and he failed to show that trial court patently and unambiguously lacked jurisdiction to sentence him or that his commuted sentence is void—Governor's exercise of clemency power merely substitutes a lesser punishment and therefore does not create a new judgment subject to appeal or jurisdictional challenge—Federal Ex Post Facto Clause forbids neither the commutation of a sentence nor a commuted sentence imposed under an otherwise constitutional statute and therefore does not apply to appellant's commuted sentence—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2024-1761—Submitted June 3, 2025—Decided October 2, 2025.)

APPEAL from the Court of Appeals for Marion County, No. 9-24-48.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Shawn L. Hawkins, was convicted on four counts of aggravated murder in 1990 and sentenced to death. In 2011, the governor commuted his death sentences to life in prison without the possibility of parole. Hawkins then requested a writ of habeas corpus in the Third District Court of Appeals, arguing that his commuted sentence was void because it was not a statutorily authorized punishment for aggravated murder when he was convicted. The Third District granted the warden's Civ.R. 12(B)(6) motion to dismiss.

{¶ 2} Hawkins has appealed and also requests that we take judicial notice of another state's caselaw. We affirm the Third District's dismissal and deny Hawkins's request for judicial notice.

## I. BACKGROUND

{¶ 3} Hawkins is incarcerated at the Marion Correctional Institution. In 1990, he was convicted by a Hamilton County jury on four counts of aggravated murder with death specifications and two counts of aggravated robbery with firearm specifications. The crimes were committed in June 1989. The trial court sentenced him to death for each murder conviction, 10- to 25-year indefinite prison terms for each aggravated-robbery conviction, and 3-year mandatory terms for each firearm specification. The judgment was affirmed on appeal. *State v. Hawkins*, 1st Dist. Nos. C-900092 and 910017, 1991 WL 270633 (Dec. 18, 1991).

{¶ 4} Thereafter, Hawkins sought commutation of his death sentences. The governor, upon recommendation of the Ohio Parole Board, commuted Hawkins's death sentences in 2011 to life in prison without the possibility of parole. In 2014,

Hawkins applied for clemency on the ground that his commuted sentence was "statutorily non-available for imposition . . . at the time of his arrest and conviction," but the parole board recommended that clemency be denied. In 2023, the Hamilton County Court of Common Pleas granted Hawkins's motion for jail-time credit. The court granted 141 days' credit for time served, while noting that the governor had commuted Hawkins's death sentences to life imprisonment without the possibility of parole.

{¶ 5} In September 2024, Hawkins filed a petition for a writ of habeas corpus in the Third District against appellee, George Frederick, warden of the Marion Correctional Institution, arguing that he was entitled to immediate release because the governor had lacked authority to commute Hawkins's death sentences to life in prison without the possibility of parole, which was not a possible sentence for aggravated murder when he was arrested and convicted. He also alleged that the trial court had "vacated the former sentences," including the commuted sentence, and failed to reimpose any of his prior sentences when it granted him jail-time credit in 2023.

{¶ 6} The warden moved to dismiss under Civ.R. 12(B)(6). The Third District granted the motion, holding that Hawkins was restrained under the judgment of a court that had jurisdiction to issue the judgment, that the sentence imposed had not expired, and that he had failed to state a claim for a writ of habeas corpus.

{¶ 7} Hawkins has timely appealed. He also requests that we take judicial notice of Oregon caselaw.

## II. ANALYSIS

### A. Request for Judicial Notice

{¶ 8} Hawkins requests that we take judicial notice of a decision recently issued by the Supreme Court of Oregon styled *Brown v. Kotek*, 548 P.3d 1286 (Ore. 2024). The court in that case held that the present governor of Oregon lacked

authority *to revoke* a former governor's commutation of the petitioner's prison sentence. *Id*. at 1292-1293.

{¶ 9} A request for judicial notice is authorized by Civ.R. 44.1, which "pertains to judicial notice of domestic and foreign laws." *Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.*, 1997-Ohio-402, ¶ 32. Although we are required to take judicial notice of the decisional law of this State, Civ.R. 44.1(A)(1), judicial notice of the decisional law of any other state of the United States is not mandatory, Civ.R. 44.1(A)(3) ("The court in taking judicial notice of the decisional . . . law . . . of any other state . . . may inform itself in such manner as it deems proper . . . . The court's determination shall be treated as a ruling on a question of law . . . ."). Here, *Brown*, the Oregon case, is irrelevant to this case because *Brown* involved facts not analogous and laws not applicable to this action. Because *Brown* does not inform us of any matters relevant to the present appeal, we deny Hawkins's request.

## B. Petition for Writ of Habeas Corpus

### 1. Standard of Review

{¶ 10} This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *State ex rel. Spencer v. Forshey*, 2023-Ohio-4568, ¶ 6. Dismissal is appropriate only if it appears beyond doubt from the petition, after taking all allegations as true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Id*. Generally, habeas relief is available only when the inmate's maximum sentence has expired and he is being held unlawfully. *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8. It is not available when the petitioner had an adequate remedy in the ordinary course of the law. *Id*. However, "'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.'" *Id*. at ¶ 9, quoting *Gaskins v. Shiplevy*, 1995-Ohio-262, ¶ 9. To prevail on a habeas claim challenging a judgment as void for lack of jurisdiction, the petitioner must establish that the lack of jurisdiction was

patent and unambiguous. *Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8. "In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 2001-Ohio-49, ¶ 10.

### 2. No Entitlement to Writ of Habeas Corpus

{¶ 11} Hawkins's core argument is that the governor lacked authority to commute his death sentences to life without the possibility of parole because life without the possibility of parole was not a possible sentence for aggravated murder when he was arrested and convicted.[1] He asserted several variations of this argument in his petition, all of which lack merit. For three reasons, we conclude that Hawkins has failed to state a claim for a writ of habeas corpus.

### a. Hawkins has not shown that his maximum sentence has expired

{¶ 12} First, the writ petition does not establish, and Hawkins does not argue, that his maximum sentence has expired. His commuted sentence is life in prison without the possibility of parole. Because his maximum sentence of life imprisonment has not yet expired, Hawkins is not entitled to a writ of habeas corpus on this basis. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 10.

### b. Hawkins has not shown that the trial court lacked jurisdiction

{¶ 13} Second, Hawkins has not shown that the trial court patently and unambiguously lacked jurisdiction to sentence him. If an inmate's maximum sentence has not expired, a writ of habeas corpus "will lie only to challenge the jurisdiction of the sentencing court." *Appenzeller v. Miller*, 2013-Ohio-3719, ¶ 9, citing R.C. 2725.05 (a writ of habeas corpus "shall not be allowed" if it appears that the court had jurisdiction to render judgment). The Hamilton County Court of

---

1. In 1989, the possible sentences for aggravated murder committed under aggravating circumstances were (1) death, (2) life imprisonment with parole eligibility after serving 20 years, or (3) life imprisonment with parole eligibility after serving 30 years. Former R.C. 2929.03(C)(2), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 10 (effective Oct. 19, 1981). The relevant date when assessing whether a statute is retroactive is the date of the offense, *State v. Walls*, 2002-Ohio-5059, ¶ 13, not the date of arrest or the date of conviction (as Hawkins argues).

Common Pleas sentenced Hawkins to death on each of the four aggravated-murder counts, 10- to 25-year prison terms on the two aggravated-robbery counts, and 3-year prison terms on the firearm specifications. The judgment of conviction was affirmed on appeal. Hawkins does not argue that the trial court lacked jurisdiction to sentence him. Rather, in support of his first proposition of law, he appears to equate the governor's commutation of his death sentence with the act of a sentencing court, claiming that the governor "patently and unambiguously act[ed] without jurisdiction" and "exceed[ed] Executive Powers" by imposing the "unlawful sentence" of life in prison without the possibility of parole.

{¶ 14} But the commutation of a sentence by the governor is an executive act, not a judicial one. Article III, Section 11 of the Ohio Constitution grants the governor the power of executive clemency, which includes the power to commute sentences. The governor's clemency power is not subject to legislative or judicial interference. *State ex rel. Maurer v. Sheward*, 1994-Ohio-496, ¶ 16. Commutation means the "substitution" of a lesser for a greater punishment. R.C. 2967.01(C). After commutation, the commuted prison term is the only one in existence. *Id*. Because the governor's exercise of his clemency power merely substitutes a lesser punishment, it does not create a new "judgment" subject to appeal or jurisdictional challenge. *See Maurer* at ¶ 16 (governor's exercise of discretion in using clemency power is not subject to judicial review). In arguing that the governor lacked authority to impose an unlawful sentence on him, Hawkins attempts to attack an unreviewable act of the executive clemency power by applying concepts applicable only to judgments of a court. He thus does not challenge the *trial court's* jurisdiction and, accordingly, does not satisfy the showing required to be entitled to a writ of habeas corpus.

### c. Hawkins has not shown that his commuted sentence is void

{¶ 15} Third, Hawkins has not shown as an alternative means of obtaining habeas relief that his commuted sentence is void for reasons other than a lack of

jurisdiction.  All three propositions of law asserted in his merit brief present variations of this argument.

i.  Proposition of law No. 1

{¶ 16} As his first proposition of law, Hawkins contends that his commuted sentence violates the Ex Post Facto Clause of the United States Constitution.[2] Article I, Section 10 of the United States Constitution prohibits the states from passing any "ex post facto Law."  The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'"  *California Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995), quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990).  Hawkins reasons that because the statutory scheme setting forth the possible sentences other than death for Hawkins's capital offenses when he was arrested and convicted allegedly guaranteed "a right to parole eligibility consideration," his commuted sentence of life in prison without the possibility of parole retroactively increased the punishment for his offenses.

{¶ 17} For two reasons, we conclude that this argument lacks merit.  First, the Ex Post Facto Clause prohibits the *enactment of laws* that retroactively increase the punishment for criminal acts.  *See, e.g.*, *Morales* at 504; *Collins* at 43-44; U.S. Const., art. I, § 9, cl. 3 ("No . . . ex post facto Law shall be passed.").  Hawkins does not argue that the statute under which he was sentenced violates the clause; rather, he claims that the commuted sentence does.  But the Ex Post Facto Clause forbids neither the commutation of a sentence nor a commuted sentence imposed under an otherwise constitutional statute.  *See Morales* at 504; *Collins* at 43-44; U.S. Const., art. I, § 9, cl. 3.  Therefore, the Ex Post Facto Clause does not apply to Hawkins's commuted sentence.

---

2. Although Hawkins's first proposition of law states that his commuted sentence "violates the State and Federal constitutional prohibition(s) against Ex Post Facto laws," his brief does not develop a distinct challenge to his commuted sentence under Article II, Section 28 of the Ohio Constitution.

{¶ 18} Second, even if Hawkins's argument implicated the Ex Post Facto Clause, the argument would not assert a violation of the clause. When the capital offenses of which Hawkins was convicted were committed in 1989, death was a possible sentence. *See* former R.C. 2929.03(C)(2), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 10 (effective Oct. 19, 1981). The governor commuted Hawkins's death sentences to life imprisonment without the possible of parole. This is a lesser punishment than the death penalty. *See State v. Frazier*, 2006-Ohio-446, ¶ 10-11 (8th Dist.) (holding that imposition of consecutive life sentences is not a penalty harsher than death); *see also Biddle v. Perovich*, 274 U.S. 480, 487 (1927) ("imprisonment for life is a less penalty than death"). Therefore, even if the Ex Post Facto Clause applied to the commutation of sentences, the commutation of Hawkins's sentence would not violate the clause, because it did not increase the punishment for aggravated murder, *see Morales* at 504.

ii. Proposition of law No. 2

{¶ 19} As his second proposition of law, Hawkins argues that because his commuted prison term of life imprisonment without the possibility of parole was "not authorized by law" and thus is "absolutely void" (boldface deleted) and R.C. 2967.01(C) provides that "the commuted prison term shall be the only one in existence," he is entitled to immediate release from prison. He appears to assert that no sentence exists to lawfully restrain him. This argument lacks merit because it incorrectly presumes that Hawkins's commuted sentence is void. As explained above, the commuted sentence is not void, because the governor has explicit constitutional authority to commute sentences, *see Maurer*, 1994-Ohio-496, at ¶ 16, and Hawkins's commuted sentence does not violate the Ex Post Facto Clause. Therefore, Hawkins's second proposition of law does not establish his entitlement to a writ of habeas corpus.[3]

---

3. In his writ petition, Hawkins also argued that his sentences were "vacated" by the trial court's grant of jail-time credit in 2023. He claimed that because that judgment entry did not reimpose his

### iii. Proposition of law No. 3

**{¶ 20}** As his third proposition of law, Hawkins argues that he lacks an otherwise adequate remedy for challenging his allegedly void commuted sentence. Because Hawkins has not shown that his maximum sentence has expired or that the trial court lacked jurisdiction to sentence him, the Third District's judgment may be affirmed without reaching this argument. *See Leyman*, 2016-Ohio-1093, at ¶ 8. In addition, the argument is not properly before us, because it was not asserted in Hawkins's writ petition and cannot be raised for the first time on appeal. *See State ex rel. White v. Aveni*, 2024-Ohio-1614, ¶ 22, quoting *Fields v. Zanesville Police Dept.*, 2021-Ohio-3896, ¶ 31 (5th Dist.) ("'A party cannot assert new arguments for the first time on appeal.' "). Therefore, dismissal of Hawkins's writ petition was appropriate.

## III. CONCLUSION

**{¶ 21}** The Third District Court of Appeals correctly determined that Hawkins failed to state a claim for a writ of habeas corpus. We therefore affirm its judgment dismissing Hawkins's petition, and we deny his request for judicial notice.

Judgment affirmed.

———————————

Shawn L. Hawkins, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

———————————

commuted sentence or the aggravated-robbery sentences, it was "facial[ly] invali[d]," entitling him to immediate release from custody. However, he does not assert this argument on appeal, and he therefore has abandoned it. *See Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988) (determining that App.R. 12(A) permitted court of appeals to overrule or disregard an assignment of error not briefed); *see also Uncapher v. Baltimore & Ohio RR. Co.*, 127 Ohio St. 351, 356 (1933) ("Errors not treated in [a] brief will be regarded as having been abandoned by the party who gave them birth.").