NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-150

IN RE MCDONALD, APPELLANT, *v.* STUFF, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re McDonald v. Stuff*, Slip Opinion No. 2026-Ohio-150.]**

*Habeas corpus—Appellant is incarcerated on a validly imposed sentence of 20 years to life in prison—A validly imposed indeterminate sentence does not guarantee that an offender will be released once he has served his minimum sentence but, rather, guarantees only that he will become eligible for parole once he has completed the minimum terms, considering any credits or other diminutions—Court of appeals' judgment granting warden's motion to dismiss petition affirmed.*

(No. 2025-0438—Submitted October 7, 2025—Decided January 21, 2026.)

APPEAL from the Court of Appeals for Richland County,

No. 2024 CA 0095, 2025-Ohio-448.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} As a result of various convictions, appellant, Dewitt McDonald, is serving a sentence of life in prison with parole eligibility after 20 years, to be served consecutively to other prison sentences. In 2024, McDonald filed a petition for a writ of habeas corpus in the Fifth District Court of Appeals, arguing that he was entitled to immediate release because he had "been unlawfully restrained for a term of more than eight years without access to parole." The Fifth District dismissed the petition because McDonald had not served his maximum sentence of life in prison. We affirm the judgment.

## BACKGROUND

{¶ 2} In 1995, an Erie County jury convicted McDonald of complicity to commit aggravated murder in violation of R.C. 2903.01 (Count 1), complicity to commit murder in violation of R.C. 2903.02 (Count 2), and several other offenses. McDonald was also convicted of a firearm specification attached to each count. Before sentencing, the trial court merged Counts 1 and 2 and merged the six firearm specifications. The court sentenced McDonald to "[l]ife in prison with no eligibility [for] parole for twenty (20) years" for Counts 1 and 2 and to a mandatory 3-year term for the merged firearm specifications.

{¶ 3} In December 2021, McDonald filed a petition for a writ of habeas corpus in the Erie County Court of Common Pleas. On March 29, 2022, the court granted the writ and ordered McDonald's immediate release from prison. But several weeks later, the court vacated that order on the grounds that it had lacked jurisdiction. *See McDonald v. Black*, 2022-Ohio-3938, ¶ 3.

{¶ 4} In May 2022, McDonald filed a petition for a writ of habeas corpus in this court, arguing that the Department of Rehabilitation and Correction ("DRC") had failed to offer him a timely parole hearing, thereby violating his due-process rights, and that he was entitled to immediate release. *Id*. at ¶ 4. This court dismissed

the petition because McDonald had failed to attach his commitment papers, as required by R.C. 2725.04(D). *Id*. at ¶ 11. McDonald again sought a writ of habeas corpus in 2023, and we dismissed that petition sua sponte. *McDonald v. Black*, 2023-Ohio-4640.

{¶ 5} On November 25, 2024, McDonald filed a petition for a writ of habeas corpus in the Fifth District Court of Appeals. In the petition, McDonald alleged that because his "minimum term of incarceration has long since expired" and he was "eligible for good-time credit," DRC was required—but had failed to—"offer him a parole hearing no later than December of 2011." In McDonald's view, he had "been unlawfully restrained for a term of more than eight years without access to parole" and he is entitled to immediate release—"the same as the Erie County Court did on March 29, 2022, before certain strings were pulled to undo the appropriate judgment." McDonald attached to his petition a copy of the trial court's sentencing entry and commitment papers supplied to him by DRC.

{¶ 6} The warden moved to dismiss the petition under Civ.R. 12(B)(6) for failure to state a claim. The warden argued that McDonald's petition failed to assert a claim cognizable in habeas corpus and that his arguments "ignore the fact that his maximum sentence is LIFE imprisonment." (Capitalization in original.)

{¶ 7} The Fifth District granted the warden's motion because McDonald had not served his maximum sentence. In dismissing the petition, the court observed that "[i]n September 2022, the Central Office Board [of] Review conducted a hearing and recommended releasing McDonald on five years of parole supervision" but that "[a]fter a full Parole Board hearing, the full board voted to continue McDonald for 36 months to his next hearing." 2025-Ohio-448, ¶ 9 (5th Dist.).

{¶ 8} McDonald has appealed to this court as of right.

**ANALYSIS**

{¶ 9} We review de novo a decision of the court of appeals dismissing a habeas corpus petition. *State ex rel. Parker v. Black*, 2022-Ohio-1730, ¶ 6.

{¶ 10} The Fifth District granted the warden's motion to dismiss McDonald's petition on the grounds that his maximum sentence had not expired and he has no constitutional or statutory right to parole.

{¶ 11} A writ of habeas corpus "is generally appropriate in the criminal context only if the prisoner is entitled to immediate release from prison." *Ridenour v. Randle*, 2002-Ohio-3606, ¶ 7. "Ohio law gives a convicted inmate 'no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment.'" *State ex rel. Holman v. Collins*, 2020-Ohio-874, ¶ 8, quoting *State ex rel. Seikbert v. Wilkinson*, 1994-Ohio-39, ¶ 7. Moreover, "habeas relief is available only when the inmate's maximum sentence has expired and he is being held unlawfully." *State ex rel. Hawkins v. Frederick*, 2025-Ohio-4540, ¶ 10, citing *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8.

{¶ 12} McDonald is imprisoned on a valid judgment of conviction for complicity to commit aggravated murder and was sentenced to serve an indeterminate term of 20 years to life in prison for that conviction. Because McDonald is incarcerated on a validly imposed life sentence, he is not entitled to relief in habeas corpus. We therefore hold that the Fifth District correctly dismissed McDonald's petition.

{¶ 13} Although he concedes that "his maximum sentence is 'life,'" McDonald contends in support of his first proposition of law that his life sentence "can be engaged only if he is released, and is returned to confinement for violating the terms and conditions of life release if he is unwilling or unable to readjust satisfactorily under supervision." In support of this argument, McDonald points to a federal appellate decision and to former Adm.Code 5120:1-1-02(D), maintaining that he could not be "required to serve his entire maximum sentence without first

4

being oriented toward release, and released, under the non-mandatory version of [Adm.Code] 5120:1-1-07." McDonald's argument fails on multiple grounds. As noted above, McDonald was convicted of complicity to commit aggravated murder in violation of R.C. 2903.01(A) and 2923.03, which carried a sentence, under former R.C. 2929.03(A), of "life imprisonment with parole eligibility after serving twenty years of imprisonment," Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 9 (effective Oct. 19, 1981). The trial court's sentencing entry states that McDonald was sentenced on Counts 1 and 2 to a term of "[l]ife in prison with no eligibility [for] parole for twenty (20) years; and three (3) years [of] actual incarceration as to the firearm specification[s]." Irrespective of his minimum aggregate sentence, and even if he had not received a parole hearing (which the court of appeals stated he did), McDonald was sentenced to life in prison and is not entitled to immediate release.

**{¶ 14}** Further, the version of Adm.Code 5120:1-1-07 (a rule entitled "Procedure for release on parole, furlough, and shock parole") in effect when McDonald was sentenced stated that "[a]n inmate may be released on or about the date of his eligibility for release" unless one or more circumstances specified in the rule were found to exist. Former Adm.Code 5120:1-1-07(A) (1992). Contrary to McDonald's claim, that language does not require release on parole before an inmate must serve a life sentence. The word "may" indicates that the parole board is permitted, but is not required, to release an eligible inmate. *See State ex rel. Niles v. Bernard*, 53 Ohio St.2d 31, 34 (1978) (explaining that "a statutory usage of the term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied; this is so at least when there is nothing in the wording, sense, or policy of the provision demanding an unusual interpretation").

**{¶ 15}** A validly imposed indeterminate sentence does not guarantee that an offender will be released once he has served his minimum sentence but, rather, guarantees only that he will become eligible for parole once he has completed the

minimum terms, considering any credits or other diminutions. *State ex rel. Bailey v. Ohio Parole Bd.*, 2017-Ohio-9202, ¶ 9 ("An inmate has no constitutional right to parole release before the expiration of his sentence."). In *Bailey*, we further clarified that "[n]or does Ohio law give an inmate any right or entitlement to parole prior to the expiration of a valid sentence." *Id.*, citing *Seikbert*, 1994-Ohio-39, at ¶ 7. Here, as the Fifth District noted, McDonald received a parole hearing in September 2022 and the full board denied parole, ordering him to remain incarcerated until the next scheduled parole-hearing date in 36 months. 2025-Ohio-448 at ¶ 9 (5th Dist.). Therefore, we reject McDonald's first proposition of law.

{¶ 16} In support of his second proposition of law, McDonald maintains that DRC violated the separation-of-powers doctrine when it allegedly "extend[ed] the time by which [he] would have his first [parole] hearing without the power to do so." McDonald maintains that the remedy for DRC's alleged unconstitutional action is for him "to be released from a life sentence." However, even if McDonald's initial parole hearing was held later than it should have been—i.e., upon the expiration of his minimum sentence—"his eligibility for parole consideration does not mean that he is entitled to immediate release from prison," *Holman*, 2020-Ohio-874, at ¶ 9.

{¶ 17} As the Fifth District recognized, McDonald's arguments ignore the fact that his maximum sentence is life imprisonment. The Fifth District correctly dismissed McDonald's petition because a writ of habeas corpus "is appropriate only if the petitioner is entitled to immediate release from prison," *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 1998-Ohio-656, ¶ 4.

## CONCLUSION

{¶ 18} The Fifth District Court of Appeals' judgment dismissing McDonald's petition for a writ of habeas corpus is affirmed.

Judgment affirmed.

_____

The Law Office of Eric J. Allen and Eric Allen, for appellant.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____